# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRYAN O'KEETHE KIMBLE,

    Plaintiff,

vs.                                                                                  No. 18-cv-538 MV/SMV

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Bryan O'Keethe Kimble's Petition for Writ of Coram Nobis. Doc. 1, supplemented by Doc. 5. Also before the Court are his Motions to Appoint Counsel. Docs. 2, 4. Plaintiff is incarcerated and proceeding *pro se*. He asks the Court to issue a writ of *coram nobis* vacating his federal criminal convictions. Having determined *coram nobis* relief is unavailable, the Court will dismiss the petition and deny Plaintiff's motions to appoint counsel.

## BACKGROUND

The instant matter implicates three federal criminal proceedings involving Plaintiff: 7-cr-334 RB; 10-cr-1808 RB; and 13-cr-2744 RB. In the first proceeding, Plaintiff pled guilty to possessing a firearm after a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841. Doc. 34 in 07-cr-334. The Court (Hon. Robert Brack) sentenced Plaintiff to 37 months imprisonment, followed by a three-year term of supervised release. *Id.* Judgment on the conviction and sentence was entered January 3, 2008. *Id.*

In March 2010, Plaintiff was arrested and charged with possessing a firearm after a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The United States initiated a new criminal

case, 10-cr-1808 RB, and pursued revocation in Plaintiff's original case, 07-cr-334 RB. On October 4, 2010, Plaintiff's counsel filed a motion in the new case requesting the personnel file of Sergeant Haskins. Doc. 29 in 10-cr-1808. Haskins was the arresting officer in both cases, 07-cr-334 and 10-cr-1808, and the personnel file purportedly contained information that reflects on Haskins' credibility. Thereafter, the parties reached a plea agreement whereby: (a) Plaintiff agreed to withdraw all pending motions in 10-cr-1808; (b) the United States agreed to dismiss the Indictment in 10-cr-1808; and (c) Plaintiff agreed to accept a sentence of 24 months imprisonment for violating the terms of his Supervised Release in 07-cr-334. Doc. 42 in 10-cr-1808; Doc. 50 in 07-cr-334. The Court (Hon. Robert Brack) accepted the plea, dismissed the second case (10-cr-1808), and sentenced Plaintiff accordingly.

On September 19, 2012, the United States initiated a third criminal proceeding, 13-cr-2744 RB, after Plaintiff was apprehended with a firearm and methamphetamine. Doc. 1 in 13-cr-2744. Plaintiff pled guilty to the following charges:

Counts 1 and 4: Possessing a firearm as a prohibited person, 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

Count 2: Possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1);

Counts 3 and 7: Possession with intent to distribute methamphetamine, 21 U.S.C. § 841 and 18 U.S.C. § 2; and

Count 6: Possession of a firearm with an obliterated serial number, 18 U.S.C. §§ 922(k) and 924(a)(1)(B).

Doc. 35 in 13-cr-2744. By a Judgment entered September 23, 2014, the Court (Hon. Robert Brack)

accepted the plea and sentenced Plaintiff to a total term of 230 months imprisonment. Doc. 50 in 13-cr-2744.

Plaintiff filed the instant *coram nobis* petition on June 7, 2018. Doc. 1 in 18-cv-538. He appears to believe the second criminal proceeding, 10-cr-1808, was dismissed due to Haskins' misconduct. Because Haskins was also the arresting officer in the first criminal case, 07-cr-334, Plaintiff contends that proceeding is void and should not have been used to enhance his current conviction.

## DISCUSSION

A writ of *coram nobis* is authorized by the All Writs Act, 28 U.S.C. § 1651. The writ is an extraordinary remedy, and relief is only permitted in compelling circumstances. *See United States v. Morgan*, 346 U.S. 502, 511–12 (1954). To obtain relief by writ of *coram nobis*, the defendant must have been convicted upon such "fundamental errors" as to render the proceedings invalid. *See Ward v. United States*, 381 F.2d 14, 15 (10th Cir. 1967). *See also United States v. Denedo*, 556 U.S. 904, 916 (2009) (noting that "judgment finality is not to be lightly cast aside; and courts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases").

It is well established that "a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). *See also Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) (The writ of *coram nobis* "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody'"). The exclusive remedy for testing the validity of an inmate's detention is a habeas proceeding. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1990). Therefore, to the

extent Plaintiff hopes to reduce his current sentence, *coram nobis* relief is unavailable.[1]

To the extent Plaintiff challenges his conviction in 07-cr-334 for reasons unrelated to his current sentence, the Court cannot grant *coram nobis* relief under the circumstances of this case. The writ is only available when the petitioner exercised due diligence in seeking relief and all other remedies were inadequate. *See United States v. Morgan*, 346 U.S. 502, 512 (1954); *Klein v. United States*, 880 F.2d 250, 254 (10th Cir. 1989). *Coram nobis* may not be "employed to litigate issues that were or could have been raised on direct appeal or in other, collateral litigation." *Embrey v. United States*, 240 F. App'x 791, 794 (10th Cir. 2007). *See also United States v. Perceval*, 563 F. App'x 592, 594 (10th Cir. 2014) (defendant was not entitled to *coram nobis* relief because he could have pursued remedies of direct appeal and § 2255); *United States v. Vasquez*, 515 F. App'x 757, 758 (10th Cir. 2013) (same). *Cf. Bradshaw v. Story*, 86 F.3d 164 (10th Cir. 1996) (failure to file a § 2255 motion does not establish habeas remedy is either inadequate or ineffective). Plaintiff did not file an appeal or a habeas petition challenging the conviction in 07-cr-334, and the attachments to his petition demonstrate he knew about Haskins' alleged credibility issues in 2010. Plaintiff is therefore not entitled to an extraordinary writ.

Finally, even if the Court overlooked the above defects, the petition fails on the merits. Plaintiff's argument is premised on his belief that the Court dismissed his second criminal proceeding, 10-cr-1808, because the arresting officer, Haskins, was under investigation. However, the record reflects the parties agreed to dismiss that proceeding after Plaintiff admitted to violating

---

[1] The Court declines to construe the instant filing as a habeas corpus petition under 28 U.S.C. § 2255 for two reasons. First, this proceeding was filed more than one year after Plaintiff's most recent criminal conviction, and any § 2255 claim would thus be time barred. *See* 28 U.S.C. § 2255(f). Second, and importantly, an inmate cannot use § 2255 to challenge the validity of a prior conviction used to enhance his current sentence. *See Daniels v. United States*, 532 U.S. 374 (2001).

his term of Supervised Release in 07-cr-334. Docs. 42–45 in 10-cr-1808. Thus, the dismissal in 10-cr-1808 cannot serve as a basis for vacating the criminal judgment in 07-cr-334.

For these reasons, the Court concludes *coram nobis* relief is unavailable. The Court will therefore dismiss the petition and deny Plaintiff's motions to appoint counsel. Docs. 2, 4 in 18-cv-538.

**IT IS ORDERED** that Plaintiff's Motions to Appoint Counsel [Docs. 2, 4] are **DENIED**; and his Petition for Writ of Coram Nobis [Doc. 1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will enter a separate judgment disposing of this civil case.

_____
THE HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT COURT JUDGE